# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREEN ENERGY ASSOCIATES, LLC,** | Case No. 1:18-cv-01291-LJO-EPG |
| **Plaintiff** | **ORDER RE ATTORNEYS' FEES REQUEST INCLUDED IN APPLICATION FOR COURT JUDGMENT** |
| v. | |
| **CH4 POWER INC. and RAY BREWER,** | |
| **Defendants.** | |

## I. INTRODUCTION

Before the Court for decision is Plaintiff's application for entry of default judgment by the Clerk of Court pursuant to Fed. R. Civ. P. 55(b)(1) ("Rule 55(b)(1)"). ECF No. 16. ("Application"). Rule 55(b)(1) requires the Clerk of Court to enter default judgment, including costs, "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person" if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk."

However, as part of its Application, Plaintiff included a substantial request for attorneys' fees. A claim for attorneys' fees prevents the Clerk from entering a judgment under Rule 55(b)(1), since the reasonableness of the attorneys' fees necessitates a judgment call by the Court. *Int'l Union of Operating Engineers, Local 4 v. Stanley Excavation*, 243 F.R.D. 25, 27 n.5 (D. Me. 2007) (citing 10A C.A. Wright, A.R. Miller & M.K. Kane, Federal Practice & Procedure § 2683 (1998 ed.)). Accordingly, the Court, rather than the Clerk, addresses the attorneys' fee request.

1

## II. DISCUSSION

This Court has jurisdiction over the subject matter of this action – a breach of contract claim – pursuant to 28 U.S.C. § 1332(d) because the claims alleged exceed $75,000 in value and the parties are diverse. Plaintiff is a resident of Michigan and none of its members are residents of California or Wyoming; and Defendants are residents of California or Wyoming. ECF No. 2 at ¶ 1. The underlying contract claim alleges that Defendants breached the terms of a Settlement Agreement. *Id.* at ¶¶ 12-14.

### A. Matters Suitable for Determination Under Rule 55(b)(1)

Rule 55(b)(1) allows the Clerk to enter judgment for a sum certain (or a sum that can be made certain by calculation) and related costs based upon an affidavit showing the amount due. The Court has reviewed the Application for Court Judgment, ECF No. 16, and its attachments, including the Declaration of Mukesh Mangla, ECF No. 16-2, and the Declaration of Gregory J. Norys ("Norys Declaration"), ECF No. 16-3. Those materials demonstrate that pursuant to the Settlement Agreement, Defendants were to pay $830,000.00 to Plaintiff on or before February 14, 2017. Although Defendants paid $100,000.00 on February 17, 2017 toward the $830,000.00 principal amount, no further payments have been made. Therefore, as of as of February 17, 2017, Defendants owed a balance of $730,682.19 ($830,000.00 - $100,000.00 + $682.19 in simple interest calculated on the full $830,000 balance at 10% per anum[1] from February 14, 2017 through February 17, 2017). *See* Norys Declaration, ECF No. 16-3, at ¶ 16. In addition, the Court agrees with the calculations set forth in the Norys Declaration indicating that from February 17, 2017 on, interest continued to accrue at a daily rate of $200.187/day on the new $730,682.19 balance. As of the date of this order (December 14, 2018) the interest owed is $133,124.35.

The documentation provided also justifies a costs award of $527.75 for the filing fee, process service, and reasonable photocopy expenses. *Id.* at ¶ 15.

//

---

[1] According to California Civil Code § 3289, unless otherwise specified, interest accrues on an unpaid contract-based principal balance at the rate of 10% per annum.

2

B. **Attorneys' Fees**

Federal courts apply state law in determining whether to award attorneys' fees in an action on a contract. *Ford v. Baroff*, 105 F.3d 439, 442 (9th Cir. 1997). Here, the relevant provision is California Civil Code Section 1717, which provides for recovery of attorneys' fees and costs in any action on a contract where the contract specifically provides that attorneys' fees and costs shall be awarded to the prevailing party. The Agreement, which is attached to the Complaint, provides that "[i]n the event of any dispute arising from [the] Agreement, . . . the prevailing party shall be entitled to attorney fees and costs." ECF No. 2, Att. A, ¶ 16.

"The matter of reasonableness of attorney's fees is within the sound discretion of the trial judge." *Stokus v. Marsh*, 217 Cal. App. 3d 647, 656 (1990). "The fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). "[A] computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award." *Margolin v. Regional Planning Com.*, 134 Cal. App. 3d 999, 1004-5 (1982). "The reasonable hourly rate is that prevailing in the community for similar work." *PLCM Group*, 22 Cal. 4th at 1095. "The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided. . . . Such an approach anchors the trial court's analysis to an objective determination of the value of the attorney's services, ensuring that the amount awarded is not arbitrary." *Id.*

In applying the lodestar approach to a Section 1717 attorney fees award, a California Court of Appeal has explained:

> Section 1717 provides for the payment of a "reasonable" fee. After the trial court has performed the calculations [of the lodestar], it shall consider whether the total award so calculated under all of the circumstances of the case is more than a reasonable amount and, if so, shall reduce the section 1717 award so that it is a reasonable figure.

*Sternwest Corp. v. Ash*, 183 Cal. App. 3d 74, 77 (1986).

The Ninth Circuit Court of Appeals has outlined factors to consider for attorney fees reasonableness:

> In calculating reasonable attorney fees the court must consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases.

*Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341-1342 (9th Cir. 1986).[2] This Court has considerable discretion to determine attorney fee reasonableness:

> It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court . . . . [Citations.] The value of legal services performed in a case is a matter in which the trial court has its own expertise. [Citation.] The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony. [Citations.] The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.

*PLCM Group*, 22 Cal. 4th at 1096 (quoting *Melnyk v. Robledo*, 64 Cal. App. 3d 618, 623-624 (1976)). A trial court may make "its own evaluation of the reasonable worth of the work done in light of the nature of the case, and of the credibility of counsel's declaration unsubstantiated by time records and billing statements." *Bernardi v. County of Monterey*, 167 Cal. App. 4th 1379, 1398 (2008). Ordinarily, an attorney fee request "should be documented in great detail." *Id.* With these standards in mind, this Court turns to the reasonableness of defense counsel's hourly fees and hours expended.

---

[2] "California law is materially similar to federal law in determining the reasonableness of attorneys' fees." *Malem Med., Ltd. v. Theos Med. Sys., Inc.*, No. 13-CV-05236-EMC, 2017 WL 5153300, at *2 (N.D. Cal. Nov. 7, 2017); *see also Perez v. Safety-Kleen Sys., Inc.*, No. C 05-5338 P JH, 2010 WL 934100, at *3 (N.D. Cal. Mar. 15, 2010), *aff'd,* 448 F. App'x 707 (9th Cir. 2011).

**C.     Hourly Rate**

Plaintiff seeks fees for work performed by three attorneys, all partners at Coleman & Horowitt of Fresno, California: Gregory J. Norys, who has been practicing law since 2005; Sheryl Noel, who has been practicing law since 1994; and Darryl J. Horowitt, who has been practicing law since 1981. *See* Supplemental Declaration of Gregory J. Norys, ECF No. 18 at ¶¶ 19-21. Plaintiff seeks a rate of $300.00 per hour for Mr. Norys; $350.00 per hour for Ms. Noel; and $390.00 per hour for Mr. Horowitt. In setting the hourly fee, a court is entitled to consider "fees customarily charged by that attorney and others in the community for similar work." *Ackerman v. Western Elec. Co., Inc.*, 860 F.2d 1514, 1520 (9th Cir. 1988). These rates are fair and commensurate with similar practitioners in the area.

**D.     Reasonable Hours**

Plaintiff's initial application sought $13,320.50 in attorneys' fees but did not document that request with any specificity. ECF No. 16-1. In a declaration provided in response to the Court's request for supplemental briefing, ECF No. 17, Plaintiff now represents it has incurred attorneys' fees in the amount of $14,723.00. The Court finds this fee request to be unreasonable in many respects as set forth below.

First, there are several entries in the billing records for tasks performed by persons not identified in counsel Norys' Supplemental Declaration, namely individuals identified with the billing codes "34" and "45" who are billed at $165.00 per hour. Those items, totaling $214.50, will not be allowed as those hourly rates are unsubstantiated.

Second, there is an item at the end of the billing record that is identified as "non-billable" but is nonetheless included in the $14,723.00 total. This item, amounting to $234.00, will not be allowed as inclusion of an item noted as "non-billable" is inherently improper without further explanation.

Third, the billing record includes entries for time spent engaged in basic research that would be unnecessary for experienced counsel to perform. Specifically, a 0.10 hour entry on 7/19/2018 concerning the proper form for a complaint ($39.00), a 0.20 hour entry on 10/23/2018 concerning

5

requirements for the request for entry of default and entry of default judgment ($60.00), and a 0.60 hour entry on 10/23/2018 ($180.00) that concerned, among other things, review of the local rules on the subject of default judgment. The first two will not be allowed at all, the third will be reduced by half to excise time spent reviewing this Court's local rules, for a total reduction of $189.00. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (the exercise of "billing judgment" is "important" and "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.") (internal citation and quotation marks omitted), *superseded by statute on other grounds as stated in Whitehead v. Colvin*, No. 15-5143, 2016 WL 1464469, at *2 n.1 (W.D. Wash. Apr. 14, 2016).

Fourth, certain tasks billed do not require legal expertise and therefore it is unreasonable to bill them at attorney rates. Specifically, several entries pertain to calculating amortization and interest rates: a 0.30 hour entry on 10/24/2018 for a total of $105.00; a 0.10 hour entry on 10/25/2018 for a total of $35.00; and a 0.30 hour entry on 11/8/2018 for a total of $105.00. These charges (totaling $245.00) will not be allowed.

Fifth, the Court finds that counsel have billed unreasonable amounts of time to prepare fairly straightforward documents. Counsel have billed more than ten hours total to prepare and file the four-page breach of contract complaint in this case, including time spent considering the addition of claims for reformation and fraud, that were omitted from the document that was eventually filed. The Court has determined the following entries pertain to the drafting of the complaint: The 2.10 hour entry on 7/25/2018 for a total of $630.00, the 0.60 hour entry on 7/30/2018 for a total of $180.00, and the 0.30 hour entry on 8/2/2018 for a total of $117.00; all but the first three and the fourth from the bottom entries on ECF No. 18 page 20 of 25 for a total of $1,068.00; as well as all but the seventh entry on the following page (21 of 25) for a total of $1,065.00. In sum, this amounts to $3,060.00. This is excessive given the simplicity of the document that was eventually filed. This will be reduced by one third (a $1,020.00 deduction). *See Escobedo v. SJZ Shields, LLC*, No. 1:15-cv-00765-SAB, 2015 WL 6123531, at *6 (E.D. Cal. Oct. 14, 2015) (time spent drafting simple complaint excessive and subject to

reduction); *Abad v. Williams, Cohen & Gray, Inc*. No. 06-cv-2550 SBA (JCS), 2007 WL 1839910, at *8 (N.D. Cal. Apr. 23, 2007) (time spent drafting a never-filed response to a motion deducted as unreasonable).

Likewise, the Court finds counsel have billed an unreasonable amount of time for compiling and filing their application for default judgment and related filings concerning default. The Court finds the following entries pertain to this task: The 3.80 hour entry on 10/24/2018 for a total of $1,140.00; the 1.10 hour entry on 10/24/2018 for a total of $330.00; the 1.20 hour entry on 10/24/2018 for a total of $360.00; the 2.10 hour entry on 10/25/2018 for a total of $630.00; all the entries on ECF No. 18 pages 24 and 25 that have not previously been excluded (totaling $2,085). In sum, these entries total $4,545.00 representing more than 14 hours of work. They include entries for tasks required to correct mistakes made by counsel (*e.g.*, reviewing notices from the court about a failed request for entry of default that was premature and filings required because counsel erroneously including a request for attorneys' fees when applying for entry of Court judgment). The filings simply are not that complicated and did not require the multiple revisions and reviews, nor is it proper to bill to one's opponent costs incurred due to strategic errors and/or misunderstanding the proper procedures to pursue. This set of billed hours will be cut by one half (a $2,272.50 deduction). *See McCauley v. Colvin*, No. 2:15-cv-0122-JCR, 2015 WL 6031429, at *4 (W.D. Wash. Oct. 15, 2015) (finding unreasonable hours billed correcting mistakes in briefing).

Sixth, counsel have requested compensation for time spent corresponding over errors in the Settlement Agreement. Specifically, the Court refers to a 0.70 hour entry on 8/30/2018 (for a total of $210.00) designated as "outlining the errors and mistakes in the settlement agreement that requires explanation." This does not pertain directly to recovery under the agreement. *See Citizens for Better Forestry v. U.S. Dept. of Agriculture*, No. 08-cv-01927-CW, 2010 WL 3222183, at *13 (N.D. Cal. Aug. 13, 2010) (time spent communicating on issues not related to the matters encompassed by the fee application should not be billed to the losing party). Even if this time did pertain to recovery, the Court

7

finds it is more likely than not that Plaintiff (the lender identified in the Settlement Agreement) drafted the Settlement Agreement. It is not reasonable to charge to Defendants an error caused by Plaintiff in the document Plaintiff seeks to enforce.

Finally, counsel have requested compensation for numerous 0.10 hour increments for reviewing ECF filings and other correspondence. The Court has counted more than 40 such entries. Even assuming for simplicity of calculation that they are all billed at the lower of the billed rates ($300.00), that still totals $1,200. Many of these entries are for reviewing correspondence and filings that would not take the full amount of time billed (6 minutes). *Jacobson v. Persolve*, LLC, No. 14-cv-00735-LHK, 2016 WL 7230873, at *10 (N.D. Cal. Dec. 14, 2016) (reducing multiple 0.10 hour time entries for review and receipt of routine docket entries and noting that "[a]lthough 'a one-tenth hour timekeeping practice is generally reasonable' and 'careful review of filings should be encouraged,' billing 0.1 hours for certain practices sometimes requires a reduction.") (internal citation omitted). The fee award is reduced by an additional $600.00 to reflect this overbilling.

Therefore, the requested award of $14,723.00 is reduced by the following amounts:

- $214.50 for work performed by persons not identified in counsel's declaration;
- $234.00 for items identified in counsels' own records as "non-billable";
- $189.00 for time spent engaged in basic research that would be unnecessary for experienced counsel to perform;
- $245.00 for time spent performing tasks that do not require legal expertise;
- $1,020.00 for excessive or otherwise unreasonable time billed in connection with preparation of the complaint;
- $2,272.50 for excessive or otherwise unreasonable time billed in connection with requesting entry of default and default judgment;
- $210.00 for tasks related to errors in the settlement agreement;
- $600.00 for overbilling related to review of correspondence and court filings.

The total reductions are $4,985.00, making the total reasonable recovery $9,738.00.

### III. CONCLUSION AND ORDER

The Clerk of Court is directed to enter final judgment for Plaintiff and against Defendants in the amount of $874,072.29 ($730,682.19 owed as of February 17, 2017 + $133,124.35 in simple interest owed from February 17, 2017 through today + $527.75 in costs + $9,738.00 in attorneys' fees).

IT IS SO ORDERED.

Dated: **December 13, 2018**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE