UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREEN ENERGY ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CH4 POWER INC. and RAY BREWER, individually<br><br>Defendants. | Case No. 1:18-cv-01291-LJO-EPG<br><br>CERTIFICATION AND ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT<br><br>(ECF Nos. 36 & 37) |

Plaintiff Green Energy Associates, LLC ("Plaintiff") initiated this action on September 20, 2018. (ECF No. 2). Defendants CH4 Power Inc. and Ray Brewer individually ("Defendants") were served with the summons and complaint on October 1, 2018. (ECF Nos. 6, 8). On December 14, 2018, Chief District Judge Lawrence O'Neill issued an order directing the Clerk of Court to enter final judgment against Defendants in the amount of $874,072.29. (ECF No. 19)

On January 24, 2019, Plaintiff sought to conduct a judgment debtor examination for each of the Defendants. (ECF Nos. 26, 27) On January 28, 2019, the Court entered orders to appear

and for examination of Defendants. (ECF Nos. 28, 29.) However, Defendants were not served with the orders, and the examinations were vacated. (ECF No. 31.)

On March 13, 2019, Plaintiff again filed applications for the judgment debtor examination of each Defendant. (ECF Nos. 34, 35.) On March 14, 2019, the Court entered orders to appear and for the examination of each Defendant on April 26, 2019, before Magistrate Judge Erica P. Grosjean. (ECF Nos. 36, 37.) In relevant part, each of the orders to appear stated:

> NOTICE TO JUDGMENT DEBTOR: If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

(ECF Nos. 36, 37 at 2.)

On April 11, 2018, Defendants were personally served with the order to appear for examination on April 26, 2019. (ECF No. 38, 39.)

On April 26, 2019, at 9:30 and 10:00 a.m., this matter came on for hearing and judgment debtor examination of Defendant Ray Brewer, individually and as an officer of CH4 Power Inc., respectively. The case was called. Plaintiff's counsel, Gregory Norys and Sheryl Noel, were present. Defendants did not appear and did not otherwise contact the Court.

Plaintiff moved the Court to issue a bench warrant for Defendants' arrest pursuant to California Code of Civil Procedure § 1993, which, generally, allows the Court to issue a warrant for the arrest of a witness who failed to appear pursuant to a subpoena or court order. See Cal. Code of Civil Procedure § 1993. The Court considered Plaintiff's request and ordered Plaintiff to file a Notice containing service information that would allow the United States Marshall to serve a warrant issued pursuant to California Code of Civil Procedure § 1993. Plaintiff filed a "Notice Re: Request for Civil Warrant and Order Thereon Pursuant to CCP § 1993 (b)(2)(3)" on April 29, 2019. (ECF No. 41.)

However, upon examination of similar cases within this District, the Court is persuaded that the correct course of action is to certify the above facts to the District Judge and to issue an Order for Defendants to appear before the District Judge to explain their failure to attend the April 26, 2019, Judgment Debtor Examination under threat of civil contempt. See, e.g, TBK Bank, SSB, a Texas State Savings Bank v. Navdeep Kaur Singh, et al., 1:17-cv-00868-LJO-BAM (ECF No. 28) (E.D. Cal. 2017) (issuing order to show cause why judgment debtor should not be held in civil contempt for failure to attend judgment debtor examination); First Midwest Equipment Financial Co. v. Aero Transport, Inc. et al., 18-mc-00017-AWI-SAB (ECF No. 14) (E.D. Cal. 2018) (same); Alcade v. NAC Real Estate Investments & Assignments, Inc., 580 F.Supp. 969, 971 (C.D. Cal. 2008) (same); but see Dahlz v. County of San Mateo, 6 Fed.Appx. 575 (9th Cir. 2001) (refusing to find that district judge's use of arrest warrant under Cal.Civ.Proc.Code §708.170 was unlawful).

Specifically, pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), in a case where the parties have not consented to the jurisdiction of a United States Magistrate Judge and where a party's conduct "constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6).

The asserted contempt is civil in nature where the contempt is sought to compel a party to comply or to compensate an aggrieved party for the failure of an adverse party to comply. See United States v. Asay, 614 F.2d 655, 659 (9th Cir. 1980). "In a civil contempt action, '[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to

3

demonstrate why they were unable to comply.'" Federal Trade Comm'n v. Enforma Nat. Prod., Inc., 362 F.3d 1204, 1211 (9th Cir. 2004) (citations omitted). To find civil contempt, "the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that the order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the order." Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995). There need not be a willful violation of the order in order for the court to find civil contempt. Asay, 614 F.2d at 661 (citing McComb v. Jacksonville Paper Co., 336 U.S. 187 (1948)).

As noted above, pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the magistrate judge shall certify the facts constituting a civil contempt to a district judge. The facts as found herein are certified to the District Judge, and Defendant Ray Brewer, individually and as an officer of CH4 Power Inc., is ordered to appear before Chief United States District Judge Lawrence O' Neill to show cause why he should not be incarcerated for civil contempt until he complies with the Court's order for appearance and examination of judgment debtor. As noted above, civil contempt is for the purposes of compelling Defendants' compliance with the order. Here, incarceration—if it becomes necessary—is not for purposes of punishment but for coercing compliance. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005).

Accordingly, IT IS HEREBY ORDERED that.

1. Defendant Ray Brewer, individually and as an officer of CH4 Power Inc., shall appear before Chief United States District Judge Lawrence O'Neill on June 10, 2019, at 1:30 p.m., in Courtroom 4, to show cause why he should not be found in contempt based upon the facts that have been certified in this order;

2. Plaintiff shall personally serve Defendants Ray Brewer, individually and as an officer of CH4 Power Inc., with a copy of this order and a copy of the March 14, 2019, order

for appearance and examination of judgment debtor and file proof of this service on or before May 31, 2019; and

3. Defendant Ray Brewer, individually and as an officer of CH4 Power Inc., is cautioned that failure to appear at the June 10, 2019, hearing may result in issuance of an arrest warrant.

IT IS SO ORDERED.

Dated: **May 1, 2019**　　　　　　　　　　　/s/ Eric P. Grosjean
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE